UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

REVA F. GONZALEZ,

                    Plaintiff,

        v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security
Administration,

                    Defendant.

NO: 13-CV-5088-TOR

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY
JUDGMENT

BEFORE THE COURT are the parties' cross-motions for summary judgment (ECF Nos. 14 and 18).  Plaintiff is represented by Cory J. Brandt. Defendant is represented by Thomas M. Elsberry.  This matter was submitted for consideration without oral argument.  The Court has reviewed the administrative record and the parties' completed briefing and is fully informed.  For the reasons discussed below, the Court grants Defendant's motion and denies Plaintiff's motion.

JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g); 1383(c)(3).

STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)).  "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion."  *Id.* at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance."  *Id.* (quotation and citation omitted).  In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation.  *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner.  If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).  Further, a district

court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v); 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i);

416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.    20 C.F.R. §§ 404.1520(b); 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.    20 C.F.R. §§ 404.1520(c); 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d); 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity ("RFC"),

defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f); 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1); 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c); 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

Plaintiff filed applications for disability insurance benefits and supplemental security income disability benefits on March 11, 2009, alleging a disability onset date of March 1, 2008. Tr. 185-93. These applications were denied initially and upon reconsideration, and Plaintiff requested a hearing. Tr. 87-90, 96-102. A hearing was held before an Administrative Law Judge on October 13, 2011. Tr. 44-78. The ALJ rendered a decision denying Plaintiff benefits on October 28, 2011. Tr. 18-29.

The ALJ found that Plaintiff met the insured status requirements of Title II of the Social Security Act through June 30, 2012. Tr. 18. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 1, 2008, the alleged onset date. *Id.* At step two, the ALJ found that Plaintiff had severe impairments consisting of depression, anxiety, cognitive disorder, osteoporosis, mild hearing loss, asthma and obesity. Tr. 18. At step three, the ALJ

1    found that Plaintiff's severe impairments did not meet or medically equal a listed

2    impairment.  Tr. 20-22.  The ALJ then determined that Plaintiff had the residual

3    functional capacity to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and
> 416.967(b).  She can lift and/or carry 20 pounds occasionally and 10
> pounds frequently.  She can stand and/or walk with normal breaks for
> a total of about six hours in an eight-hour workday.  She can sit with
> normal breaks for a total of about six hours in an eight-hour workday.
> She needs to be able to change position approximately once an hour.
> The claimant can never climb ladders, ropes or scaffolding.  She can
> occasionally climb stairs and ramps.  She can occasionally crouch,
> stoop, crawl and kneel.  She can have occasional exposure to loud
> noises.  The claimant is limited to one- to three-step tasks and
> occasional contact with public and coworkers.

10   Tr. 22.  At step four, the ALJ found that Plaintiff was unable to perform any past

11   relevant work.  Tr. 27.  At step five, the ALJ found that Plaintiff could perform the

12   representative occupations of price marker, housekeeping cleaner and cannery

13   worker, and that such occupations existed in significant numbers in the national

14   economy.   Tr. 28.   In light of this step five finding, the ALJ concluded that

15   Plaintiff was not disabled under the Social Security Act and denied her claims on

16   that basis.  Tr. 29.

17        The Appeals Council denied Plaintiff's request for review on June 13, 2013,

18   making the ALJ's decision the Commissioner's final decision for purposes of

19   judicial review.  Tr. 1-8; 20 C.F.R. §§ 404.981, 416.1484, and 422.210.

20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

ISSUES

Plaintiff raises four issues for review:

1. Whether the ALJ erred at step two by declining to list Plaintiff's otitis media as a severe impairment;

2. Whether the ALJ erred in rejecting Plaintiff's testimony about the severity of her symptoms;

3. Whether the ALJ erred in rejecting the opinions of Mr. Jim Martin; and

4. Whether the ALJ erred at step five.

ECF No. 14 at 9.

DISCUSSION

**A. Step Two Challenge**

At step two, an ALJ must determine whether a claimant suffers from one or more severe impairments.  20 C.F.R. §§ 404.1520(a)(4) (ii); 416.920(a)(4)(ii).  An impairment (or combination of impairments) is "severe" within the meaning of the Commissioner' regulations if it "significantly limits [the claimant's] physical or mental ability to do basic work activities."  20 C.F.R. §§ 404.1520(c); 416.920(c). Any physical or mental impairment, whether severe or non-severe, "must be established by medical evidence consisting of signs, symptoms, and laboratory findings" and "must have lasted or must be expected to last for a continuous period of at least 12 months."  20 C.F.R. §§ 404.1508, 404.1509; 416.908, 416.909.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

Plaintiff contends that the ALJ committed reversible error at step two by failing to designate her chronic otitis media as a severe impairment. ECF No. 14 at 12-14. Plaintiff appears to be under the mistaken impression that a finding in her favor on this issue would require a finding of disability. Step two of the sequential evaluation process serves as "a de minimis screening device to dispose of groundless claims." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (citing *Bowen v. Yuckert*, 482 U.S. 137, 153-54 (1987)). It does not result in a finding of disability if a particular impairment is found to be "severe" within the meaning of the Commissioner's regulations. Because the ALJ found that Plaintiff had other severe impairments at step two, Plaintiff cannot show she was harmed by the alleged error.

In any event, there was no error in the ALJ's analysis. As the ALJ properly concluded, the record does not establish that Plaintiff's chronic otitis media would significantly limit her physical ability to do basic work activities. 20 C.F.R. §§ 404.1520(c); 416.920(c). Indeed, there is no evidence that this condition had any effect whatsoever on Plaintiff's ability to work. The ALJ did not err in declining to designate Plaintiff's chronic otitis media as a severe impairment.

In her reply brief, Plaintiff suggests that the ALJ erred by not considering her chronic otitis media when fashioning the RFC. *See* ECF No. 19 at 3 ("Because the ALJ failed to find the otitis media severe at step two, she failed to incorporate

1   the associated limitations in[to] the RFC and this was harmful error.").  While it is

2   true that the RFC does not account for limitations related Plaintiff's otitis media,

3   any error in the ALJ's analysis was harmless.  Once again, there is no evidence that

4   this condition had any appreciable effect on Plaintiff's ability to work.  At best, the

5   record establishes that Plaintiff would need to periodically miss work long enough

6   to be seen by her physician for the purpose of obtaining a prescription to treat an

7   ear infection.  The Court concludes that the ALJ's failure to consider the impact of

8   such brief and infrequent absences on Plaintiff's ability to work was

9   "inconsequential to the [ALJ's] ultimate nondisability determination."  *Molina*,

10   674 F.3d at 1115 (quotation and citation omitted).

11   **B. Adverse Credibility Finding**

12       In social security proceedings, a claimant must prove the existence of

13   physical or mental impairment with "medical evidence consisting of signs,

14   symptoms, and laboratory findings."  20 C.F.R. §§ 416.908; 416.927.  A

15   claimant's statements about his or her symptoms alone will not suffice.  20 C.F.R.

16   §§ 416.908; 416.927.  Once an impairment has been proven to exist, the claimant

17   need not offer further medical evidence to substantiate the alleged severity of his or

18   her symptoms.  *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc).

19   As long as the impairment "could reasonably be expected to produce [the]

20   symptoms," the claimant may offer a subjective evaluation as to the severity of the

impairment. *Id.* This rule recognizes that the severity of a claimant's symptoms "cannot be objectively verified or measured." *Id.* at 347 (quotation and citation omitted).

If an ALJ finds the claimant's subjective assessment unreliable, "the ALJ must make a credibility determination with findings sufficiently specific to permit [a reviewing] court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Thomas v. Barnhart*, 278 F .3 d 947, 958 (9th Cir. 2002). In making this determination, the ALJ may consider, *inter alia*: (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Id.* If there is no evidence of malingering, the ALJ's reasons for discrediting the claimant's testimony must be "specific, clear and convincing." *Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012) (quotation and citation omitted). The ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001).

Plaintiff contends that the ALJ did not provide clear and convincing reasons for discrediting her testimony about the severity of her symptoms. ECF No. 14 at

14-15.  This contention is unpersuasive.  After providing a lengthy recitation of Plaintiff's various alleged symptoms, the ALJ provided the following clear and convincing reasons for discrediting Plaintiff's testimony: (1) that Plaintiff persisted in smoking cigarettes despite having received "extensive" counseling from her physician about the importance of quitting (Tr. 296, 298, 301, 308, 311, 317); (2) that she had been going to the gym "pretty much on a daily basis" despite complaints of "chronic and persistent" back pain (Tr. 453); (3) that she was found to have "[f]ull range of motion in the upper and lower extremities" and "no abnormal deviations" of the thoracic spine upon being evaluated for back pain (Tr. 453); and (4) that her proclaimed difficulty in reading and writing were belied by written documents reviewed by the medical expert.  Tr. 24.  Having thoroughly reviewed the record, the Court concludes that these reasons are supported by substantial evidence.  The ALJ did not err in discrediting Plaintiff's testimony.

**C. Opinions of Examining Source Jim Martin**

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001) (citations omitted).  Generally, a the opinion of a treating physician carries more weight than the

opinion of an examining physician, and the opinion of an examining physician carries more weight than the opinion of a reviewing physician. *Id.* In addition, the Commissioner's regulations give more weight to opinions that are explained than to opinions that are not, and to the opinions of specialists on matters relating to their area of expertise over the opinions of non-specialists. *Id.* (citations omitted).

If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* (citing *Lester v. Chater*, 81 F.3d 821, 830-831 (9th Cir. 1995)). Regardless of the source, an ALJ need not accept a physician's opinion that is "brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (quotation and citation omitted).

Plaintiff argues that the ALJ improperly rejected the opinion of Mr. Jim Martin, who opined in December 2008 that Plaintiff had a marked limitation in ability to respond appropriately to and tolerate the pressure and expectations of a work setting. Tr. 260. Because Mr. Martin opined some six months later that Plaintiff suffered from only a moderate limitation in this same functional domain,

1    (*see* Tr. 254), the ALJ need only have provided specific and legitimate reasons for

2    rejecting the December 2008 opinion.  *Bayliss*, 427 F.3d at 1216.

3         In affording Mr. Martin's December 2008 opinion little weight, the ALJ

4    noted that the opinion was unsupported by objective findings, was based solely on

5    Plaintiff's reports that she could "overrespond to pressure," and was "inconsistent

6    with the diagnosis of only mild depression and the other assessed cognitive

7    limitations, most of which were only mild."  Tr. 26.  The Court finds that these

8    specific and legitimate reasons are supported by substantial evidence.  As the ALJ

9    correctly noted, Mr. Martin's June 2009 opinion that Plaintiff suffered from only

10   moderate limitations in her ability to respond appropriately to and tolerate the

11   pressure and expectations of a normal work setting (which the ALJ afforded great

12   weight) is much more consistent with the record as a whole and with the ALJ's

13   determination that Plaintiff's subjective assessments of her limitations was not

14   fully credible.  The ALJ did not err in affording the December 2008 opinion little

15   weight.

16   **D. Step Five Challenge**

17        Plaintiff's challenge to the ALJ's findings at step five is largely duplicative

18   of the arguments addressed above.  The Court's prior rulings apply equally here.

19        The only new contention raised in connection with Plaintiff's step five

20   challenge is that the ALJ's residual functional capacity assessment failed to

account for certain moderately severe limitations listed on a mental residual functional capacity assessment ("MRFC") performed by Dr. Edward Beaty. ECF No. 14 at 18-19. In the "Summary Conclusions" section of the MRFC, Dr. Beaty indicated that Plaintiff had moderate limitations in her ability to: (1) understand and remember detailed instructions; (2) carry out detailed instructions; (3) maintain attention and concentration for extended periods; (4) complete a normal workday and workweek without interruptions and perform at a consistent pace; and (5) interact appropriately with the general public. Tr. 273-74. Dr. Beaty reiterated these findings in the narrative section of the MRFC, indicating that Plaintiff "is capable of non-complex, multi-step repetitive tasks," and "is capable of basic work-related social interactions with supervisors and co-workers." Tr. 275. These limitations are adequately reflected in the RFC, which limits Plaintiff to "one- to three-step tasks and occasional contact with the public and coworkers." Tr. 22. Contrary to Plaintiff's assertions, the restriction to performing one- to three-step tasks accounts for the moderate limitation in ability to maintain concentration and attention for extended periods. Moreover, the ALJ was not required to include a restriction for changes in work routine as Plaintiff suggests because Dr. Beatty found Plaintiff "not significantly limited" in her ability to respond appropriately to changes in the work setting. Tr. 274. Thus, the Court concludes that the ALJ's step five analysis was free of error.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 15

**IT IS HEREBY ORDERED:**

    1.  Plaintiff's Motion for Summary Judgment (ECF No. 14) is **DENIED**.

    2.  Defendant's Motion for Summary Judgment (ECF No. 18) is

        **GRANTED**.

The District Court Executive is hereby directed to file this Order, enter

**JUDGMENT** for Defendant, provide copies to counsel, and **CLOSE** the file.

    **DATED** August 7, 2014.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 16